UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN F.,[1] <br><br> **Plaintiff,** <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br> **Defendant.** | Case No. 23–cv–06075–ESK <br><br><br> **OPINION** |

**KIEL, U.S.D.J.**

 **THIS MATTER** is before the Court on plaintiff Joan F.'s appeal (ECF No. 1 (Pl.'s Compl.)) from the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for Social Security Disability Insurance Benefits (ECF No. 4–2 pp. 13–29). For the following reasons, the Commissioner's decision will be **VACATED** and **REMANDED**.

 **I. BACKGROUND**

 Plaintiff filed her application for benefits on February 11, 2022, alleging disability due to type II diabetes, spinal stenosis, degenerative disc disease L3–4 L4–5, and spondylolisthesis L4–5. (ECF No. 4–3 p. 10.) Plaintiff further asserted an alleged onset date of April 13, 2021. (*Id.*) Plaintiff's claim was denied on June 14, 2022 and on reconsideration on September 13, 2022. (*Id.* pp. 8–15, ECF No. 4–4 pp. 2, 3.)

 The administrative law judge held a telephone hearing on March 2, 2023, during which plaintiff and vocational expert Robert Baker testified. (ECF No. 4–2 pp. 31–51.) The administrative law judge issued a decision unfavorable to

---

[1] Plaintiff is referred to by her first name and last initial consistent with D.N.J. Standing Order 2021–10.

plaintiff on April 7, 2023. (*Id.* pp. 13–29.) In that decision, the administrative law judge found that plaintiff possessed

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to lift and/or carry and can push and/or pull up to 20 pounds occasionally and up to 10 pounds frequently and can sit up to six hours and stand and/or walk up to six hours in an eight-hour workday. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally as defined in the SCO, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. The claimant can never work at unprotected heights, and never work around hazardous, moving mechanical parts.

(*Id.* p. 20.)

The administrative law judge found that plaintiff's impairments could reasonably be expected to cause the symptoms alleged, but that her allegations of intensity, persistence, and limiting effects were inconsistent with the medical and other evidence. (*Id.* p. 21.) He concluded that plaintiff was capable of performing past relevant work as an accounts payable representative as the position is generally performed. (*Id.* p. 26.) Plaintiff's request for review was denied by the Appeals Council (*id.* pp. 2–4), rendering the administrative law judge's decision final.[2] Plaintiff thereafter filed the instant appeal (Pl.'s Compl.) which was reassigned to me on March 28, 2024 (ECF No. 11).

## II. LEGAL STANDARD AND PARTY ARGUMENTS

### A. <u>Standard of Review</u>

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings,

---

[2] "Because the Appeals Council denied review, the [administrative law judge's] decision is the Commissioner's final decision." *Pedder v. Comm'r Soc. Sec.*, Case No. 23–2386, 2024 WL 1087373, at *1 (3d Cir. Mar. 13, 2024).

"if supported by substantial evidence, shall be conclusive . . . ." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an administrative law judge's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 687 (3d Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an administrative law judge's findings so long as they are supported by substantial evidence even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

Administrative law judges must sufficiently develop the record and explain findings in order to permit meaningful review when the decision is read as a whole. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021). In so doing, an administrative law judge need not use any particular language or format. *Id.* Though there is deference afforded to the administrative law judge's evaluation of evidence, witnesses, and expert opinions, "remand is necessary 'where we cannot ascertain whether the [administrative law judge] truly considered competing evidence, and whether a claimant's conditions, individually and collectively, impacted' his ability to work." *Grier v. Comm'r Soc. Sec.*, 822 F. App'x 166, 170 (3d Cir. 2020) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009)).

### B. Party Arguments

Plaintiff asserts that administrative law judges are to determine a plaintiff's residual functional capacity by assessing all relevant evidence,

3

including the opinions of medical experts. (ECF No. 7 (Pl.'s Br.) pp. 11, 12.) Administrative law judges are to consider the supportability, consistency, relationship with claimant, specialization, and other factors in assessing medical opinions and must explain any difference between medical opinions and residual-functional-capacity assessments. (*Id.* pp. 12–14.) Here, the administrative law judge concluded that plaintiff was capable of light-exertion work and rejected the opinions of plaintiff's treating physician, Dr. Anthony DeNoia, M.D., and Advanced Nurse Practitioner (APN) Gretchen Nicolosi in the process. (*Id.* pp. 14, 15.)

Dr. DeNoia opined that plaintiff would be limited to sitting no more than 20 minutes at a time for a total of less than two hours during an eight-hour workday, could stand for no more than 10 minutes at a time and for less than two hours during an eight-hour workday, and would be off-task more than 25 percent of the time. (*Id.* pp. 15, 16.) APN Nicolosi similarly concluded that plaintiff would be unable to sit or stand for more than two hours each during an eight-hour workday. (*Id.* p. 18.) Plaintiff argues that the administrative law judge erred by failing to explain how Dr. DeNoia's opinions were unsupported or whether and how the consistency factor was considered. (*Id.* pp. 16, 17.) APN Nicolosi's opinion was similarly erroneously rejected without reason. (*Id.* p. 19.) The failure to consider the consistency factor coupled with a failure to explain how Dr. DeNoia's opinion was unsupported was harmful legal error, according to plaintiff. (*Id.*) Plaintiff adds that, though the administrative law judge stated that a reduction in residual functional capacity to sedentary would not have changed his findings, both Dr. DeNoia and APN Nicolosi opined that plaintiff could not perform sedentary work. (*Id.* pp. 19, 20.) Baker testified that plaintiff could not perform any work in the national economy if off-task as often as Dr. DeNoia and APN Nicolosi opined. (*Id.* p. 19.)

4

The Commissioner responds that the new regulations were intended to be consistent with a reasonable-articulation standard that need only allow a reader to trace the administrative law judge's reasoning. (ECF No. 9 p. 13.) The administrative law judge met this standard, according to the Commissioner. (*Id.* 14.) Dr. DeNoia's opinion was found to be unpersuasive because the records from the time of the alleged onset date did not include musculoskeletal or neurological examinations and, while the opinion was drafted in August 2022, plaintiff's last record with Dr. DeNoia was from March 2022. (*Id.*) At that time, plaintiff was in no acute distress and had no edema. (*Id.*) The administrative law judge further noted that plaintiff's post-operative report of June 2021 showed improvement and normal strength and sensation. (*Id.* p. 16.) Examinations in November 2021 and February 2022 similarly showed normal lumbar alignment, no evidence of tenderness, and normal strength and ambulation. (*Id.* p. 17.)

APN Nicolosi's opinion was likewise determined to be inconsistent with objective medical findings, which were determined to be mild. (*Id.*) The Commissioner argues that the administrative law judge was not required to adopt Dr. DeNoia and APN Nicolosi's opinions and that residual functional capacity is an administrative finding rather than a medical opinion. (*Id.* pp. 17, 18.) Plaintiff's argument boils down to a request to reweigh the evidence, according to the Commissioner, which the Court should reject. (*Id.* p. 18.)

### III.  DISCUSSION

A plaintiff's residual functional capacity represents their maximum capability despite their limitations. 20 C.F.R. § 404.1545(a)(1). Residual functional capacity is determined based on all relevant evidence in the record. *Id.* The nature and extent of a plaintiff's physical limitations are assessed first followed by their residual functional capacity to work on a regular and

5

continuing basis. 20 C.F.R. § 404.1545(b). The limited ability to sit, stand, walk, lift, carry, push, pull, and perform other physical tasks may reduce a plaintiff's ability to perform past and other work. *Id.*

For claims, such as this one, filed after March 27, 2017, the administrative law judge must assess the persuasiveness of the medical opinions and prior administrative findings based on the five factors enumerated in 20 C.F.R. § 404.1520c. *Lynch v. Comm'r Soc. Sec.*, Case No. 23–1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024). Those factors are 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors when assessing persuasiveness. 20 C.F.R. § 404.1520c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

An administrative law judge must articulate how they considered supportability and consistency when determining the persuasiveness of each medical opinion, explanation as to the other three factors is not required. *Lynch*, 2024 WL 2237961, at *2. As stated above, an administrative law judge's decision, when read as whole, must demonstrate that the appropriate factors were considered and the record must be sufficiently developed—and the findings must be sufficiently explained—to allow for meaningful review. *Id.*

Here, the administrative law judge considered the opinions of Dr. DeNoia and APN Nicolosi by finding:

> At Exhibit 4F Dr. DeNoia basically limited the claimant to less than sedentary work with excessive off task behavior. The undersigned has considered the opinion of Dr. DeNoia and finds it not persuasive because DeNoia's records from around the time of the alleged onset date (See exhibit 4F, page 78 to 100) do not even contain musculoskeletal examinations or neurological examinations and are totally unsupportive of the limitations opined.  The records also end in March 2022, but the opinion was drafted some months later.
> Advanced Nurse Practitioner Nicolosi, opined claimant has a less than sedentary residual functional capacity, essentially.  The undersigned finds this opinion is not persuasive because it is not supported by the objective medical findings which largely document mild findings as to the lumbar spine status-post decompression and fusion. In this regard, examination findings at Exhibit 3F (i.e., pages 10–11) from early 2022 indicated normal strength, normal sensation, normal reflexes, normal gait, normal range of motion and normal bilateral lower extremities (Exhibit 6F).

(ECF No. 4–2 pp. 25, 26.)

The administrative law judge's decision reflects consideration of the medical opinions in relation to plaintiff's medical records. The administrative law judge noted that plaintiff's physical examination in February 2022 described intact motor function and sensation, normal range of motion and gait, and full range of motion of the lumbar spine. (*Id.* p. 20.)  Post-operative examinations with Dr. DeNoia found that plaintiff was well-developed, well-nourished, and had no signs of acute distress or edema. (*Id.* p. 23.)  APN Nicolosi's opinion was found to be unsupported by records from Orthopaedic, Sports Medicine and Rehabilitation Center, P.A. which documented that plaintiff had normal strength, sensation, reflexes, gait, and range of motion. (*Id.* p. 26.)

Indeed, plaintiff's records from Orthopaedic, Sports Medicine and Rehabilitation Center, P.A. indicate that she underwent surgery on June 15, 2021, consisting of posterior lumbar decompression L3–4 4–5 with possible fusion with instrumentation L4–5, correction of spondylolisthesis L4–5. (ECF No. 4–7 p. 52.) Follow-up examinations noted 5/5 strength; normal sensation; and no signs of lumbar fracture, dislocation, or hardware failure or migration. (*Id.* pp. 50–53, 57, 58.) Plaintiff's examination of November 5, 2021 showed normal lumbar alignment, range of motion, and ambulation; 5/5 strength; and intact sensation. (*Id.* pp. 45, 46.) Her examination of February 11, 2022, referenced in the decision, detailed no change in current symptoms but indicated that symptoms had improved with rest, medication, and other measures. (*Id.* p. 39.) Plaintiff's alignment, ambulation, and range of motion were normal; straight-leg testing was negative; and strength was 5/5 in all muscle groups tested. (*Id.* p. 40.)

Plaintiff's records with Dr. DeNoia indicate back pain, numbness down her left leg, and difficulty sleeping as of August 31, 2021. (*Id.* p. 167.) Pain, stiffness, and the possibility of seeking long-term disability are noted in plaintiff's records from December 10, 2021. (*Id.* pp. 172, 173.) Finally, as of March 28, 2022, plaintiff continued to complain of back pain and stiffness. (*Id.* pp. 178, 179.)

While it appears as though the administrative law judge's decision reflects consideration of the medical opinions in light of plaintiff's medical records, the decision does not expressly address the consistencies between Dr. DeNoia and APN Nicolosi's opinions. The consistency factor of 20 C.F.R. § 404.1520c(c) "calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." *Cynthia D. v. Kijakazi*, Case No. 21–18011, 2022 WL 13847126, at *5 (D.N.J. Oct. 24, 2022) (quoting *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20–00502, 2021 WL 363682,

at *15 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20–00502, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022)).

Similar decisions in which the consistency of medical opinions was not addressed have been remanded within this District. For instance, in *Nicholas R. v. Kijakazi*, the administrative law judge's finding that the opinion was inconsistent with the plaintiff's treatment and examinations was found to be lacking, in part, because the doctor's opinion was consistent with another opinion in the record. Case No. 22–04510, 2023 WL 3580837, at *7 (D.N.J. May 19, 2023). Likewise, in *Lisa V. v. Commissioner of Social Security*, the court determined that the administrative law judge's analysis of two opinions inadequately addressed supportability and consistency, in part, because it did "not address the consistency of [the doctors'] opinions to one another, although it is evident from the decision each opines Plaintiff would be absent more than three times a month and has constant deficiencies or interferences with concentration." Case No. 21–14106, 2022 WL 3443987, at *7 (D.N.J. Aug. 17, 2022). I conclude that the lack of analysis as to the consistency between the opinions of Dr. DeNoia and APN Nicolosi was an error.

I further cannot find this error to be harmless. It is the plaintiff's burden to show not only that an error occurred, but that it was harmful—meaning that it could have made a difference in their case. *Nicholas D. v. Comm'r of Soc. Sec.*, Case No. 23–03139, 2024 WL 3771825, at *3 (D.N.J. Aug. 13, 2024). Here, plaintiff argues that the error below was harmful because Dr. DeNoia and APN Nicolosi both opined that plaintiff would be off-task more than would be permitted in the national economy and plaintiff would be unable to perform even sedentary work. (Pl.'s Br. pp. 19, 20.)

Sedentary work requires sitting for approximately six out of eight workday hours. Soc. Sec. Ruling 83–10, 1983 WL 31251, at *5 (S.S.A. 1983); *see also Ramije R. v. Kijakazi*, Case No. 20–14073, 2022 WL 909761, at *8 (D.N.J. Mar.

9

29, 2022) (same). Both Dr. DeNoia and APN Nicolosi opined that plaintiff could stand and sit no more than two hours each during an eight-hour workday. (ECF No. 4–7 p. 83, ECF No. 4–8 p. 61.) Both further opined that plaintiff would be off-task 25 percent of the time or more. (ECF No. 4–7 p. 83, ECF No. 4–8 p. 62.) Baker testified at the hearing that off-task time greater than 10 percent would rule out all employment. (ECF No. 4–2 p. 49.)

Accordingly, I conclude that the lack of analysis as to the consistency of Dr. DeNoia and APN Nicolosi's opinions was harmful error. *See Babette R. v. Kijakazi*, Case No. 21–19342, 2023 WL 6284777, at *8 (D.N.J. Sept. 27, 2023) (finding harmful error when the relevant opinion stated that plaintiff would be off-task and absent more frequently than the vocational expert testified would be permitted); *Lisa V.*, 2022 WL 3443987, at *7 (finding harmful error because both of the medical opinions concluded that the plaintiff would be absent at work-preclusive frequency). Though plaintiff may again be found to not be entitled to benefits, I conclude that remand is nonetheless appropriate to provide an opportunity for the administrative law judge to more fully explain such a decision. *See Babette R.*, 2023 WL 6284777, at *8.

## IV. CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for benefits is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion. An accompanying order will follow.

       */s/ Edward S. Kiel*
       EDWARD S. KIEL
       UNITED STATES DISTRICT JUDGE

Dated: December 11, 2024